1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8             SOUTHERN DISTRICT OF CALIFORNIA
9
10   FRANCISCO ROMERO,                        Case No.:  19cv2138 JAH-WVG
11                              Plaintiff,
                                              **ORDER DENYING DEFENDANT'S**
12   v.                                       **MOTION TO DISMISS; AND ORDER**
                                              **GRANTING PLAINTIFF'S MOTION**
13   DIRECTOR OF THE FEDERAL                  **FOR LEAVE TO AMEND**
     BUREAU OF PRISONS, MICHAEL               **[Doc. Nos. 19, 21]**
14   CARVAJAL, IN HIS OFFICIAL
15   CAPACITY, and DOES 1-10,
16                              Defendant.
17
18                         **INTRODUCTION**
19          Pending before the Court is Defendant Michael Carvajal's ("Defendant") motion to
20   dismiss Plaintiff's First Amended Complaint ("FAC"). Plaintiff Francisco Romero
21   ("Plaintiff") opposes the motion and seeks leave to amend the FAC to name the proper
22   Defendant. After a thorough review of the parties' submissions and for the reasons
23   discussed below, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS**
24   Plaintiff's motion for leave to amend.
25                         **BACKGROUND**
26          On November 6, 2019, Plaintiff filed a complaint against Attorney General William
27   Barr, Federal Bureau of Prisons, Director Kathleen Hawk Sawyer, United States
28   Department of Justice, and DOES 1-100 [Doc. No. 1.]. On February 13, 2020, Defendant

filed a Motion to Dismiss Plaintiff's Complaint [Doc. No. 6.]. On April 13, 2020, the parties filed a joint Motion for Leave to file a First Amended Complaint [Doc. No. 9.]. On April 14, 2020, this Court granted Plaintiff's Motion for leave to file his FAC and later denied the motion to dismiss as moot [Doc. Nos. 11, 16.].

On April 17, 2020, Plaintiff filed his FAC asserting claims for disability discrimination, harassment based on disability, and retaliation. [Doc. No. 14.]. Plaintiff alleges he was exposed to toxic mold in his workplace at MCC San Diego and was diagnosed with a respiratory disability. FAC ¶¶ 5, 9, 11. He further alleges Defendant discriminated and retaliated against Plaintiff because of his disability and because of his requests for accommodation. *Id.* ¶¶ 12-16. He named Michael Carvajal, Director of the Federal Bureau of Prisons, in his official capacity, and Does 1-10 as defendants.

On June 15, 2020, Defendant filed a Motion to Dismiss Plaintiff's FAC accompanied by a request for judicial notice of the Final Agency Decision ("FAD") letter from the Department of Justice [Doc. Nos. 19, 19-1.]. On July 6, 2020, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss accompanied by a request for judicial notice of the Complaint Adjudication Office Letter from the Department of Justice; as well as a request for leave to name the correct party [Doc. Nos. 21, 21-1.]. On July 13, 2020, Defendant filed a Reply to Plaintiff's Response to the Motion to Dismiss [Doc. No. 22.]. Finding the motions suitable for disposition without oral argument, the Court took the motions under submission.

## DISCUSSION

Defendant contends that this Court should dismiss Plaintiffs' FAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff failed to exhaust his administrative remedies and, therefore, the Court does not have subject matter jurisdiction. Additionally, Defendant states that Plaintiff has incorrectly named the Defendant in his FAC.

Plaintiff contends that he did exhaust his administrative remedies and, therefore, the motion to dismiss should be denied. Plaintiff acknowledges that he named the incorrect party and requests leave to name the proper party.

**A. Legal Standards**

**I. Subject Matter Jurisdiction - 12(b)(1)**

The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.,* 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**II. Failure to State a Claim - 12(b)(6)**

Defendant also seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds*, *Inc*., 749 F.2d 530, 534 (9th Cir. 1984); *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts

that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**B. Requests for Judicial Notice**

Both Defendant and Plaintiff requested the Court take judicial notice of certain exhibits. When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Defendant submitted the FAD letter from the Department of Justice as Exhibit 1 to his Motion to Dismiss [Doc. No. 19-1.]. Plaintiff submitted the Complaint Adjudication Office Letter from the Department of Justice as Exhibit 1 to his Response in Opposition to Defendant's Motion to Dismiss [Doc. No. 21-1.]. Both documents address the merits of the motion, were referenced in the FAC and provide additional context and background information. Neither party objected to the other's submission. Therefore, the Court takes judicial notice of the FAD letter and the Complaint Adjudication Office letter.

**C. Analysis**

**I. Exhaustion**

Plaintiff brings his lawsuit under Title VII, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Defendant contends that this Court does not have subject matter jurisdiction over Plaintiff's claims.

Defendant argues that Plaintiff's claims should be dismissed because he did not exhaust his administrative remedies. The Rehabilitation Act, Title VII and Title I of the ADA all require an individual to exhaust administrative remedies before filing a civil action in district court. 29 C.F.R. § 1614.105(a); *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002); *Zimmerman v. Or. DOJ*, 170 F.3d 1169, 1178 (9th Cir. 1999).

To establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies by timely filing a charge with the EEOC. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros.*, 31 F.3d 891,899 (9th Cir. 1994). A federal employee must file an informal complaint that triggers counseling by an Equal Employment Opportunity Commission ("EEOC") Counselor to exhaust administrative remedies for Rehabilitation Act claims. *Bullock*, 688 F.3d at 616. When a plaintiff brings a Title VII claim, a plaintiff must comply with "regulatory and judicially-imposed exhaustion requirements," that includes the requirement to pursue the claim "with diligence and in good faith." *Jasch*, 302 F.3d at 1094 (citing *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995).

When a plaintiff brings a Title I ADA employment discrimination claim, a plaintiff must exhaust his administrative remedies as the Act includes Title VII's charge requirements. *Zimmerman v. Or. DOJ*, 170 F.3d 1169, 1177-78 (9th Cir. 1999). A Title II ADA claim has no exhaustion requirement. *Id*. However, "Title II [of the ADA] does not apply to employment." *Id*. at 1184.

Defendant argues that Plaintiff did not exhaust his administrative remedies because he did not fully participate in the interactive process. Specifically, Defendant argues Plaintiff failed to send the Bureau of Prisons ("BOP") an updated doctor's letter of the threshold level of mold exposure that triggers his symptoms as ordered by the FAD. Defendant maintains the BOP cannot fully evaluate Plaintiff's claim to determine what steps to take to accommodate his disability without this essential information.

Plaintiff alleges in his FAC and argues in the Opposition to Defendant's motion to dismiss, that he has exhausted his administrative remedies by filing a formal charge of employment discrimination on October 17, 2017 with EEOC. Plaintiff asserts the EEOC completed their investigative report dated April 13, 2018 and he was given the right to request a Final Agency Decision which he did on May 11, 2018. He also contends he received the Complaint Adjudication Office letter, that gave him ninety days to file a federal civil action in the district court on September 6, 2019. Plaintiff also argues although the FAD confirmed that the agency frustrated the interactive process and discriminated against him, it failed to adequately address his other claims and compensate him for the harm caused by the discrimination. He maintains he seeks a de novo review of the FAD.

Plaintiff also argues Defendant provides no authority for his contention the complaint must be dismissed because he failed to comply with an FAD that requires him to continue with the interactive process. Plaintiff maintains the agency failed to engage in the interactive process, causing him to suffer damages and the FAD gave him the authority to file this suit.

According to the FAD, the EEOC interviewed multiple witnesses - including BOP employees and management; and reviewed various correspondence exchanged by the

parties. [Doc. No. 19-1.]. The FAD concluded that discrimination was found on behalf of the BOP because the interactive process was halted when the BOP did not respond to Plaintiff's multiple requests for mold remediation in his basement work area. *Id*. Thus, the EEOC ordered that the interactive process continue by ordering the BOP to provide Plaintiff with the most recent certification of mold remediation in Plaintiff's work area and for Plaintiff to provide the BOP with Plaintiff's most recent medical documentation that detailed restrictions of his threshold level of mold exposure. The Complaint Adjudication Office letter addressed to Plaintiff, that contained the FAD, informed Plaintiff of his right to sue. [Doc. No. 21-1.].

"[I]f an agency reaches the merits of a claim, despite a claimant's failure to comply with requests for information, administrative remedies should be presumed sufficiently exhausted to permit suit in federal court." *Jasch*, 302 F.3d at 1094 (citing *McRae v. Librarian of Congress*, 269 U.S. App. D.C. 166, 843 F.2d 1494, 1496 (D.C. Cir. 1988)). The court, in *Jasch*, noted Title VII's exhaustion requirements "were not meant to 'erect a massive procedural roadblock to access to the courts' but rather 'to give the agency the opportunity to right any wrong it may have committed.'" *Id.* In determining whether the plaintiff exhausted his administrative remedies, even when the plaintiff did not provide the EECO counsel the requested affidavit, the court reasoned if the agency has the opportunity to right a wrong and made a determination concerning discrimination, the administrative process has not been obstructed. *Id*.

Similar to the plaintiff in *Jasch*, Plaintiff received a right to sue letter after the EEOC completed its investigation. However, here, Plaintiff cooperated with the EEOC during the investigation that resulted in the FAD. The FAD which was issued on the same day as the right to sue letter, directed the BOP to provide Plaintiff with the most recent certification of mold remediation in Plaintiff's basement work area, and Plaintiff to provide the BOP with Plaintiff's most recent medical documentation that detailed restrictions of his threshold level of mold exposure. The FAD also ordered the interactive process should promptly resume.

Plaintiff pursued his claim "with diligence and in good faith" by originally attempting to work with his supervisors to find an accommodating workspace inside or outside of the facility. FAC ¶ 15; *Jasch,* 302 F.3d at 1094. When those efforts were unavailing, Plaintiff filed a complaint with the Office of Special Counsel and an EEOC Counselor. FAC ¶ 19. The investigation by the Office of Special Counsel was closed on the basis that Plaintiff's complaint should proceed through the EEOC process. *Id.* Plaintiff's EEOC claim continued and he later received an investigative report and the right to request a FAD. FAC ¶ 4. Plaintiff subsequently received the FAD and the right to sue letter. Therefore, Plaintiff filed the pending action. *Id.*

The EEOC agency reached the merits of Plaintiff's claim when it completed the investigative report and issued the FAD and right to sue letter without Plaintiff providing the updated medical documentation. Additionally, the BOP had "the opportunity to right any wrong it may have committed." *Jasch* 302 F.3d at 1094. The EEOC reached the merits of Plaintiffs claim and the administrative remedies are, therefore, presumed exhausted. Plaintiff's noncompliance with the FAD's order to provide an updated letter after the EEOC completed its investigation and issued a decision on the claim does not overcome the presumption.

The Court finds Plaintiff filed a timely EEOC claim, the EEOC completed an investigation and finalized its findings in the FAD. Plaintiff received a right to sue letter and timely filed his complaint within ninety days of receiving the right to sue letter. Therefore, Plaintiff exhausted his administrative remedies as required.

**II. Leave to Name Proper Defendant**

Defendant contends in his motion to dismiss that Plaintiff improperly named the director of Bureau of Prisons, Michael Carvajal as a defendant. Plaintiff acknowledges the error and requests this Court grant leave to amend to name the correct party. According to Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back when the amendment changes the name of a party if it complies with Federal Rule of Civil Procedure 4(m). Rule 4(m) requires that a defendant be served within ninety days after the

complaint is filed, otherwise the court must dismiss the action without prejudice; or order that service be made by a specified time. Additionally, Rule 15(c)(2) of the Federal Rules of Civil Procedure states that when the United States is added as a defendant, Rules 15(c)(1)(C)(i) and (ii) are satisfied if process was delivered to the Attorney General during the stated period.

Plaintiff's original complaint named William Barr, who was the Attorney General at the time he filed the complaint, as a defendant and Plaintiff served William Barr on March 3, 2020 [Doc. Nos. 1,3.]. When Plaintiff filed his FAC on April 17, 2020, he removed William Barr and named the BOP Director Michael Carvajal. [Doc. No. 14.]. Plaintiff contends he erred in naming Michael Carvajal because under the Rehabilitation Act, the BOP is classified as an agency within the meaning of Administrative Procedure Act. Plaintiff concedes that he named the incorrect party and seeks to amend to name the correct party.

The Court finds Plaintiff satisfies the requirements of Rule 15(c)(1) and (2) and the amendment relates back to the original complaint. Therefore, Plaintiff is granted leave to amend his complaint to name the correct party.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1.      Defendant's motion to dismiss is **DENIED**.

2.      Plaintiff's motion for leave to amend to name the proper Defendant, is **GRANTED**. Plaintiff shall file his Second Amended Complaint naming the proper defendant on or before **May 28, 2021**.

DATED:    May 17, 2021

_____
JOHN A. HOUSTON
United States District Judge