UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROMERO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No.:  19-CV-2138-JAH(WVG)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER** |

Pending before the Court is Plaintiff's Ex Parte Application to Modify the Scheduling Order filed on May 12, 2022 ("Ex Parte Motion"). (Doc. No. 39.) Pursuant to the Court's Civil Chamber Rules VI, Defendant Merrick B. Garland ("Defendant") filed his Opposition to Plaintiff's Ex Parte Application to Modify Scheduling Order ("Opposition") on May 13, 2022. Plaintiff's Ex Parte Motion requested the Court extend the fact discovery deadline, mandatory settlement conference, and mandatory settlement statement deadline by 60 days. For the reasons set forth below, Plaintiff's Ex Parte Motion is **DENIED.**

Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)") governs when a Court may modify a scheduling order. In determining whether to modify a scheduling order, the Court considers the "good cause" standard set out by Rule 16(b)(4).

Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the parties seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds good cause does not exist as Plaintiff has not made a diligent effort to conduct discovery within the Scheduling Order's deadlines, Plaintiff has unnecessarily delayed in his efforts to notice and depose all necessary witnesses, and sufficient time remains in the current Scheduling Order for Plaintiff to complete fact discovery. At the October 20, 2021 Case Management Conference, the Parties discussed with the Court all dates and deadlines to be included in the Scheduling Order. During the Case Management Conference, Plaintiff represented his need for additional depositions beyond the ten allowed by Rule 30 of the Federal Rules of Civil Procedure. Recognizing the substantial number of depositions Plaintiff intended to take, the Court extended a total of 12 depositions and advised the parties to begin the discussion of scheduling depositions as soon as possible. The Court also allowed an additional month for fact discovery based upon its discussion with counsel and set the current deadline of June 17, 2022.  The Scheduling Order was issued on the same day. (Doc. No. 35.)

Plaintiff's Ex Parte Motion does not support a finding that Plaintiff has diligently made efforts towards completing discovery by the current deadlines set by the Court. The Ex Parte Motion claims good cause exists as Defendant's initial disclosures listed six Bureau of Prison ("BOP") witnesses who could be contacted through defense counsel and

"Plaintiff believed that he could easily set the depositions of these witnesses through defense counsel." (Doc. No. 39-1, at 2:4-5.) Despite the Court's admonishment to start discussions about depositions early, it appears Plaintiff did not attempt to schedule or notice any depositions until May 3, 2022 – approximately five and a half months after the Case Management Conference. Plaintiff now seeks additional time for fact discovery claiming good cause exists as Plaintiff must track down, notice or subpoena, and depose nine witnesses who are no longer BOP employees. (Doc. No. 39, at 5:15-26.) Plaintiff's Ex Parte Motion also stated he is still waiting on the last known contact information for four former BOP employees, and deposing witnesses who potentially live outside of the state will cause further delay to this case. *Id.* However, the Ex Parte Motion fails to explain why Plaintiff did not investigate the whereabouts of these nine individuals as soon as discovery commenced. It also failed to explain Plaintiff's delay in investigating the location of these nine individuals once Defendant provided supplemental responses on March 14, 2022.

Further, Plaintiff's reasons why he is unable to comply with the Scheduling Order despite his diligent efforts is insufficient for a finding of good cause. Plaintiff's Ex Parte Motion states the new trial date for an elder abuse case, the numerous depositions related to the elder abuse case, and preparation of several motions for other cases during the months of March and April 2022 are the reasons why Plaintiff is unable to complete fact discovery before the deadline. However, an impacted schedule and preoccupation with other cases does not constitute good cause. *See Mondares v. Kaiser Foundation Hospital*, No. 10-CV-2676-BTM (WVG), 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) ("[O]ther trials and a busy schedule . . . actually militate against a finding of diligence, as counsel essentially admitted she was not diligent in this case because she was busy litigating *other* cases.") (original emphasis); *Dunfee v. Truman Capital Advisors, LP*, No. 12-CV-1925-BENM (DHB), 2013 WL 5603258, at *4 (S.D. Cal. Oct. 11, 2013) ("[G]ood cause is not established when a party demonstrates they were preoccupied attending to other matters.").

Finally, Plaintiff has not demonstrated why he cannot complete fact discovery within the remaining time provided by the current Scheduling Order. Although the parties have agreed upon May 19, 2022 for Plaintiff's deposition and May 25, 2022 and May 27, 2022 for two BOP employees, it appears Plaintiff has yet to serve subpoenas on any of the five former BOP employees whom Defendant provided a last known address on May 10, 2022 and May 12, 2022. The Ex Parte Motion also failed to explain why depositions have not been noticed for two former BOP employees who may live locally. Plaintiff has not demonstrated due diligence in conducting the discovery that has been exchanged to date, nor has Plaintiff demonstrated with due diligence why he cannot complete discovery in the time remaining.

The Court finds Plaintiff has not made a diligent effort to conduct discovery within the Scheduling Order's deadlines, Plaintiff has unnecessarily delayed in his efforts to notice and depose all necessary witnesses, and sufficient time remains in the current Scheduling Order for Plaintiff to complete fact discovery by June 17, 2022. The Court reaffirms the deadlines and due dates in its Scheduling Order and Plaintiff's Ex Parte Motion is **DENIED.**

Due to a conflict with the Court's calendar, the Court sua sponte **CONTINUES** the June 21, 2022 Mandatory Settlement Conference to **July 18, 2022 at 9:00 a.m.** Counsel shall submit settlement statements directly to chambers via efile_Gallo@casd.uscourts.gov no later than **July 11, 2022.**

**IT IS SO ORDERED.**

Dated: May 17, 2022

Hon. William V. Gallo
United States Magistrate Judge