UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROMERO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE *et al.*,<br><br>　　　　　　　　　Defendants. | Case No.: 19-CV-2138-JAH(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND DISCOVERY FOR THE PURPOSES OF TAKING LOUIS WILLIAMS' DEPOSITION** |

　　　Pending before the Court is Plaintiff's Ex Parte Application to Modify the Scheduling Order to Extend Discovery for the Purpose of Taking Louis Williams' Deposition filed on June 16, 2022 ("Ex Parte Motion"). (Doc. No. 42.) The Court accepts the Ex Parte Motion as unopposed in light of Defendant's failure to file an opposition or notify the court by June 17, 2022 of Defendant's need for additional time to file an opposition. In addition, according to Plaintiff's Ex Parte Motion, Defendant has no opposition to the proposed request. Plaintiff's Ex Parte Motion requested the Court extend the fact discovery deadline for the sole purpose of taking the deposition of Louis Williams. For the reasons set forth below, Plaintiff's Ex Parte Motion is **GRANTED.**

　　　Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)") governs when a Court may modify a scheduling order. In determining whether to modify a

1  scheduling order, the Court considers the "good cause" standard set out by Rule 16(b)(4).
2  Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the parties
3  seeking the amendment. The district court may modify the pretrial schedule "if it cannot
4  reasonably be met despite the diligence of the party seeking the extension." *Johnson v.*
5  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16
6  advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck*
7  *Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*,
8  132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.
9  1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d
10 ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's
11 diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps
12 necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

13    The Court finds good cause exists as the Parties have made a diligent effort to
14 conduct discovery within the Scheduling Order's deadlines. The Parties have completed
15 written discovery and conducted six depositions within the Court's June 17, 2022 fact
16 discovery cut off. Plaintiff issued a subpoena for the deposition of Louis Williams on June
17 3, 2022, setting the deposition for June 16, 2022. On June 7, 2022, Mr. Williams was served
18 with the subpoena, and it was not until June 14, 2022 that Defendant's counsel informed
19 Plaintiff that Mr. Williams was unavailable for the June 16, 2022 deposition.

20    Although flirting with the fact discovery deadline in serving the deposition subpoena
21 for Louis Williams when Plaintiff did, the Court finds Plaintiff has made a diligent effort
22 to conduct discovery within the Scheduling Order's deadlines. Accordingly, the Court
23 GRANTS Plaintiff's Ex Parte request to continue the fact discovery deadline for the sole
24 purpose of deposing Louis Williams.
25 / / /
26 / / /
27 / / /
28 / / /

1 | The parties are to depose Louis Williams no later than July 15, 2022. No changes beyond those made in this order shall affect any other deadlines in the Court's Scheduling Order.

**IT IS SO ORDERED.**

Dated: June 21, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge