UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROMERO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE *et al.*,<br><br>　　　　　　　　　Defendants. | Case No.:  19-CV-2138-JAH(WVG)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART JOINT MOTION TO CONTINUE EXPERT DISCOVERY DEADLINE** |

　　　Pending before the Court is the parties' Joint Motion Requesting Continuance of Expert Discovery Cut Off Date By Eight Days filed on September 19, 2022 ("Joint Motion"). (ECF No. 45.) The Joint Motion requested the Court extend the expert discovery deadline so the parties may complete *all* expert discovery by October 7, 2022. *Id.* For the reasons set forth below, the Joint Motion is **DENIED in part** and **GRANTED in part**.

　　　Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)") governs when a Court may modify a scheduling order. In determining whether to modify a scheduling order, the Court considers the "good cause" standard set out by Rule 16(b)(4). Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the parties seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds good cause does not exist to extend the entire expert discovery deadline from September 29, 2022 to October 7, 2022. As filed, the Joint Motion does not convey whether the parties have made a diligent effort to conduct discovery within the Scheduling Order's deadlines. No information is provided as to what, if any, expert discovery has been completed thus far. Instead, the Joint Motion provides "due to schedules of both counsel and certain witnesses" two expert depositions have been tentatively scheduled for the week of October 3, 2022. (ECF No. 45 at 2:5-6.) Plaintiff "has tentatively noticed the deposition of Dr. Daniel Farcas for October 6, 2022 and Defendant has tentatively noticed the deposition of Dr. Eric Brown for October 7, 2022." *Id.* at 2:7-9. Further, the Joint Motion fails to provide any further detail as to why the depositions for two of the four expert depositions are *tentatively* scheduled seven and eight days after the expert discovery cut off.

The Court also notes that once again the parties appear to be flirting with discovery deadlines. On June 21, 2022, the Court issued an order granting an extension of the fact discovery deadline for the sole purpose of allowing the deposition of Louis Williams. (ECF No. 43.) In considering whether to grant that extension, the Court observed the fact discovery cut off was June 17, 2022 and Plaintiff issued a subpoena for the deposition of Louis Williams on June 3, 2022, setting the deposition for June 16, 2022. *Id.* Nevertheless, based upon Plaintiff's Ex Parte Motion requesting the extension, the Court found the parties had substantially completed fact discovery and granted an extension limited in

scope for the sole purpose of conducting one final fact witness deposition. (ECF No. 43.)

In this instance, the cut off for expert discovery is September 29, 2022 and both parties appear to have languished and waited until the eleventh hour to notice and schedule expert depositions. The Joint Motion is entirely silent as to the timeline of noticing these depositions and instead provides Plaintiff "has tentatively noticed the deposition of Dr. Daniel Farcas for October 6, 2022 and Defendant has tentatively noticed the deposition of Dr. Eric Brown for October 7, 2022." (ECF No. 45 at 2:7-9.) There is also no explanation as to why all expert discovery should be extended for eight days. Both parties were made aware of the expert discovery deadline on October 20, 2021 when the Court reviewed dates at the Case Management Conference and issued the Scheduling Order that same day. (ECF No. 35.) Both sides have been aware of the expert discovery deadline for the last eleven months.

Accordingly, the Court **DENIES** the parties' request to extend the entire expert discovery deadline from September 29, 2022 to October 7, 2022.

## I.     Depositions of Dr. Daniel Farcas and Dr. Eric Brown

Despite the deficiencies which exist in the Joint Motion, the Court is aware the depositions of Dr. Daniel Farcas and Dr. Eric Brown may be essential to each party's case. Similarly, the Court is cognizant of the constraints of experts' availability. Thus, the Court **GRANTS** the parties' request to continue the expert discovery deadline for the sole purposes of deposing Dr. Daniel Farcas and Dr. Eric Brown.

The parties are to depose Dr. Daniel Farcas no later than **October 6, 2022** and depose Dr. Eric Brown no later than **October 7, 2022.** All other expert discovery shall be completed by **September 29, 2022.** No changes beyond those made in this order shall affect any other deadlines in the Court's Scheduling Order.

**IT IS SO ORDERED.**

Dated: September 20, 2022

Hon. William V. Gallo
United States Magistrate Judge